IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

AZU IBE OTAH,                              )
                                          )
            Petitioner,                   )
                                          )
vs.                                       )      Case No. 4:15-cv-380-KOB-TMP
                                          )
ERIC H. HOLDER, *et al.*,                 )
                                          )
            Respondents.                  )

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in this case on November 13, 2015, finding that this court lacked any authority to make a new bond redetermination regarding the petitioner's detention and that, despite his somewhat prolonged detention awaiting removal, no violation of due process under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), has occurred. Petitioner filed his timely objections to the report and recommendation on November 23, 2015.[1] Having now carefully reviewed *de novo* the report and recommendation, the objections to it, and other materials in the court file, the court finds that the objections are due to be and are hereby OVERRULED, and that the report is

---

[1] In accordance with the "prisoner mailbox rule," the objections are deemed filed on the date they were delivered to jail officials for mailing, not the later date on which they were received by the clerk of court.

ADOPTED and the recommendation is ACCEPTED.

Petitioner pleads two distinct but interrelated claims: (1) he is entitled to a new bail or bond "re-determination", due to his prolonged detention awaiting removal from the country,  and (2) he is entitled to release from detention under *Zadvydas*. As to the former claim, the magistrate judge correctly determined that this court has no authority to order a "bond re-determination" for the petitioner; that is an issue for consideration by the Ninth Circuit Court of Appeals, where the appeal of his removal is pending.  Even if the court could address the merits of the claim, the petitioner has received a bond determination (perhaps two)[2] by an immigration judge.  This *habeas* action cannot be used as a vehicle for seeking review of that order.

As to the *Zadvydas* issue, the Ninth Circuit has entered and had in place since 2011 a stay of petitioner's removal pending review of the final order of removal. Under 8 U.S.C. § 1231(a)(1)(B)(ii), the 90-day period for removal has been stayed for that entire time and, consequently, the time for removal required by *Zadvydas* has not expired.  In any event, the magistrate judge noted that petitioner has failed to show no likelihood of petitioner's removal in the near future.  As the magistrate judge pointed out, there is every reason to believe that once judicial review of the removal

---

[2] Petitioner acknowledges that an IJ originally set his bond at $30,000, but, on remand from the Ninth Circuit, reduced it to $15,000.  In any event, an IJ has made an individualized determination of the conditions under which he can be released pending judicial review of his removal.

is completed (and the removal is found to be lawful), the process leading to actual, physical removal of the petitioner will be accomplished in short order. He has offered no evidence of the existence of any circumstance that would indicate that he *cannot* be removed.

By separate Order, the court will deny the petition for *habeas corpus* brought under 28 U.S.C. § 2241.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE and ORDERED this 21st day of January, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE